UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| YOUNG, PAUL H | ) | Case No. 05-48385-SQU |
| | ) | |
| | ) | Hon. JOHN H. SQUIRES |

**APPLICATION OF TRUSTEE'S COUNSEL OR OTHER PROFESSIONALS
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO:   HONORABLE JOHN H. SQUIRES
       BANKRUPTCY JUDGE

GINA B. KROL, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1.   An order for relief under Chapter 7 was entered on October 11, 2005. On March 10, 2006, an order was entered approving the employment of Counsel for the Trustee. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

2.   Applicant requests $6,381.50, in compensation for 19.05 hours of services performed for the period December 15, 2005 through present and reimbursement of actual expenses in the amount of $74.02.

3.   A description of the nature of the services rendered by the Applicant is as follows:

AUTOMATIC STAY

Cohen & Krol represented the Trustee concerning the Motion of TCF Bank to Modify the Automatic. The Trustee was of the opinion that the real property which was the subject of the motion contained equity for the benefit of creditors and was attempting to sell said real property. The motion was continued at the request of Trustee's counsel to afford the Trustee the opportunity to obtain a contract for the sale of the property. The property was eventually sold and TCF was paid in full. Cohen & Krol expended 2.30 hours in the activity of Automatic Stay.

OBJECTION TO CLAIM

Cohen & Krol reviewed claims in this Estate and discovered that Majestic Marine had filed a secured claim. Trustee was not holding funds representing proceeds of the collateral of Majestic Marine and therefore filed an objection to the claim. After discussions with counsel for claimant, the secured claim was ultimately withdrawn. Cohen & Krol expended 1.95 hours in the activity of Objection to Claim.

PROFESSIONAL EMPLOYMENT

Cohen & Krol prepared and presented the Trustee's Applications to Employ a Real Estate Broker to sell the Debtor's homestead property and to Employ Attorneys for the Trustee to represent her in the sale of the property and other required legal matters. Cohen & Krol expended 2.00 hours the activity of Professional Employment.

SALE OF ASSETS

Cohen & Krol reviewed the first contract received by the Trustee for the sale of the Debtor's real estate. Counsel for the Trustee prepared changes to the initial contract and returned same to the broker. The original purchaser then sought to cancel the contract. Cohen & Krol reviewed and negotiated the second contract on the property. Cohen & Krol ordered the title report and survey, scheduled the closing, discussed title exceptions with the title officers and negotiated closing date with the Buyer's attorney. Cohen & Krol prepared and presented the requisite motion for authority to sell the property and sent notice to all creditors. Cohen & Krol requested and obtained the insurance certificate and payoff letters from the townhome association, lien releases from the Debtor's former spouse and payoff letters from mortgagees. Cohen & Krol prepared the necessary closing documents and attended the real estate closing. Cohen & Krol expended 12.80 in the activity of Sale of Assets.

4.  Attached as Exhibit "A" is an itemized statement of the legal services rendered. The statement reflects the legal services rendered, the time expended and a description of the work performed.

5.  The time expended and services rendered by Applicant is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| GINA B. KROL/2005 | .80 | 330.00 | 264.00 |
| GINA B. KROL/2006 | 13.75 | 350.00 | 4,812.50 |
| LINDA M. KUJACA/LMK2006 | 4.50 | 290.00 | 1,305.00 |

6.      Attached as Exhibit "B" is an itemized statement of the actual expenses incurred by the Applicant.

7.      Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

8.      At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $6,381.50 and reimbursement of actual and necessary expenses of $74.02 for legal services rendered in this case.

RESPECTFULLY SUBMITTED,

Date: September 11, 2007                              /s/ Gina B. Krol

GINA B. KROL
105 West Madison Street
Suite 1100
Chicago, IL  60602-000

**EXHIBIT G**